UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
COMMONWEALTH LAND TITLE         :
INSURANCE COMPANY,              :       **DECLARATORY JUDGMENT**
                                :
         *Plaintiff,*           :       Case No. 1:22-cv-02512 (BMC) (PK)
                                :       (Diversity)
      v.                        :
                                :
2610 CROPSEY DEVELOPMENT        :
CORP.,                          :
                                :
         *Defendant.*           :
----------------------------------------------------X
2610 CROPSEY DEVELOPMENT        :
CORP.,                          :
                                :
         *Plaintiff,*           :
                                :
      v.                        :
                                :
COMMONWEALTH LAND TITLE         :
INSURANCE COMPANY,              :
                                :
         *Defendant.*           :
----------------------------------------------------X

      This matter having come before the Court on Plaintiff Commonwealth Land Title Insurance Company's ("Commonwealth") motion for summary judgment and motion to disqualify counsel and Defendant 2610 Cropsey Development Corp.'s ("Cropsey") motion for summary judgment; and the Court having entered its Memorandum Decision and Order dated October 24, 2025 (Dkt. No. 96) (hereinafter the "Court's October 24, 2025 Order"), granting Commonwealth's motion for summary judgment and denying its motion to disqualify counsel as moot, and denying Cropsey's motion for summary judgment, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. Commonwealth's motion for summary judgment is granted, Cropsey's motion for summary judgment is denied and Commonwealth's motion to disqualify Cropsey's attorneys, Linda Agnew and Harras Bloom & Archer LLP, is denied as moot for the reasons articulated in the Court's October 24, 2025 Order.

2. Under that certain title insurance policy bearing policy number B66-0327951 (the "Modified Ridge Policy"), underwritten by Commonwealth and issued by Ridge Abstract Corp., Commonwealth owed no duty to defend Cropsey in the action entitled <u>Waterview Towers, Inc. v. 2610 Cropsey Dev. Corp., et al.</u>, Index No. 11719/2007 (the "Waterview Quiet Title Action"), previously pending in the Supreme Court of the State of New York, County of Kings. Accordingly, Commonwealth has no obligation under the Modified Ridge Policy to indemnify Cropsey for any loss, or to reimburse Cropsey for any attorney's fees, costs or expenses, associated with or arising out of the Waterview Quiet Title Action and appeal.

3. Under that certain title insurance policy bearing policy number C30-0036060 (the "Sienna Policy"), underwritten by Commonwealth and issued by Sienna Abstract, LLC, Commonwealth owed no duty to defend Cropsey in the Waterview Quiet Title Action. Accordingly, Commonwealth has no obligation under the Sienna Policy to indemnify Cropsey for any loss, or to reimburse Cropsey for any attorney's fees, costs or expenses, associated with or arising out of the Waterview Quiet Title Action and appeal.

4. Cropsey's counterclaims are dismissed with prejudice.

5. Judgment is hereby entered in favor of Commonwealth in this action and the consolidated case No. 22-cv-3231, *2610 Cropsey Dev. Corp. v. Commonwealth Land Title Ins. Co.*, is hereby dismissed with prejudice, on the merits, with each party to bear its own costs.

**SO ORDERED.**

*Brian M. Cogan*
_____
Brian M. Cogan, U.S.D.J.

Dated: Brooklyn, New York
October 31, 2025